of our ruling in numerous cases. See Shelton v. State, 150 Tex.Cr.R. 368, 200 S.W.2d 1004; White v. State, 150 Tex.Cr.R. 546, 203 S.W.2d 222; Sharp v. State, Tex.Cr.App., 210 S.W.2d 174; Humphrey v. State, Tex.Cr.App., 212 S.W.2d 159. See also 4 Tex.Jur. p. 253, sec. 178.

■ Appellant, in his brief, makes many references to, and quotations from, the testimony of the arresting officers, and cites us to certain contradictions thereof. Unfortunately, there is no statement of facts present in the record and we cannot take the statements made in a brief as furnishing us with a knowledge of the facts proven, nor can we go to the multifarious bill of exception therefor.

We find nothing for further review, and the judgment will be affirmed.

#### On Motion for Rehearing.

WOODLEY, Judge.

We are unable to agree with appellant's contention that his multifarious bill of exception should be considered as presented.

Nor can we agree that appellant may now amend such bill of exception by waiver of a part thereof and thereby present a bill of exception relating to a single transaction, and have same considered by this court.

■ It may be observed that the trial court in his charge instructed the jury in effect that unless appellant was under arrest when his car was searched, the evidence obtained by such search was inadmissible, and appellant should be acquitted. Appellant did not except to such charge.

In the absence of a statement of facts. we must assume that the evidence raised such issue, and that the jury found that appellant was under arrest at the time the pistol was discovered.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.

**Gus WALKER, Appellant, v. STATE, Appellee.**

**No. 24723.**

Court of Criminal Appeals of Texas.

March 29, 1950.

Burks & McNeil, by Clifford W. Brown, Lubbock, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for the possession for sale of intoxicating liquor in a dry area, and the punishment assessed was 60 days in jail.

The charge given by the court is identical with that reported in Sessums v. State, Tex.Cr.App., 225 S.W.2d 419. It comes from the same court, with the same question raised.

Under the authority of the above case, the judgment of the trial court is reversed and the cause is remanded.

**EGGERS v. STATE.**

**No. 24717.**

Court of Criminal Appeals of Texas.

March 29, 1950.

532

----◇----

None on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for assault with a prohibited weapon, with a fine of $200.00.

The proceedings seem regular in every respect. The record contains no statement of facts or bills of exception. Nothing is presented for our consideration.

The judgment of the trial court is affirmed.